1  **WO**                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Hartvigsen, ) | No. CV 09-2053-PHX-MHM (MEA) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Bruno Stolc, ) | |
| Respondent. ) | |

Petitioner Mark Hartvigsen, who is currently confined in the Red Rock Correctional Center (RRCC)[1] in Eloy, Arizona, has filed a *pro se* "Petition for 28 USCS § 2241 Habeas Corpus Relief" naming RRCC Warden Bruno Stolc as Respondent. (Doc.# 1.)[2] Petitioner has paid the $5.00 filing fee. (Id.) Petitioner has also filed a motion for appointment of counsel and an "Emergency Motion for Restraining Order" to prevent his transfer to any third party, including the Alaska Department of Corrections. (Doc.# 3, 5.) The Court will summarily dismiss this action and deny Petitioner's motions.[3]

---

[1] RRCC is a private prison facility operated by Corrections Corporation of America (CCA).

[2] "Doc.#" refers to the docket number of documents filed in this case.

[3] Petitioner filed another habeas action pursuant to § 2241 contemporaneous with this case. See Hartvigsen v. Stolc, No. CV09-2047-PHX-MHM. He has also previously filed habeas petitions pursuant to 28 U.S.C. § 2254 in this District. See Hartvigsen v. Crandell, No. CV96-1139-PHX-ROS and (transferred to the District of Alaska); Hartvigsen v. Stolc, No. CV08-0407-PHX-MHM (transferred to the District of Alaska); Hartvigsen v. Stolc, No. CV08-0408-PHX-MHM (transferred to District of Alaska).

## I. Background

Petitioner was convicted of one count of first degree sexual abuse of a minor in Alaska state court for which he was sentenced to 10 years in prison. Hartvigsen v. State, Nos. A-6838, 4215, 2000 WL 632453 (Alaska App. May 17, 2000); see Hartvigsen v. State, No. A-8340, 2003 WL 21279444 (Alaska App. June 4, 2003). Petitioner's direct appeal was denied by the Alaska Court of Appeals. Id.

## II. Petition

Petitioner asserts that he is entitled to release from RRCC because it is a private prison facility outside Alaska, where he was convicted and sentenced. He contends that he is imprisoned by Respondent as the result of an arbitrary decision by Alaska Department of Corrections officials. He further contends that neither Stolc nor CCA possess lawful authority to imprison him and that Alaska officials are prohibited from contracting with an "agency" unable to provide a degree of care, custody, and discipline required under Alaska state law. Petitioner seeks:

> immediate and unconditional release from confinement on the grounds that the decision to effect unlawful execution of sentence was deliberately wrongful conduct by AK DOC officials constituting the functional equivalent of (1) commutation of sentence and any consequences of said sentence, (2) full pardon from conviction and sentence of case 3KN-S89-174 cr.; and the act of effecting unlawful execution of sentence caused irrevocable harm by denying [him] a fair opportunity to challenge [his] state convictions on direct appeal.

(Doc.# 1 at 4.)

## III. Relief Pursuant to § 2241 is Unavailable for a State Conviction or Sentence

At the outset of a case, a district court must determine whether it has jurisdiction over a petition filed by a prisoner under § 2241. Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Further, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; see also 28 U.S.C. § 2243.[4]

---

[4] Rule 4 of the Rules Governing Section 2254 Cases may be applied to habeas corpus petitions other than those brought under § 2254. See Rule 1(b), Rules Governing Section

1 | If the petitioner is not entitled to relief, the petition must be summarily dismissed. Id.; Obremski v. Maass, 915 F.2d 418 (9th Cir. 1990) (affirming district court's summary dismissal as a matter of law, but relying upon Rule 4 rather than Rule 12(b)(6)).

Section 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention, even when the petition only challenges the execution of the sentence and not the underlying conviction itself. White v. Lambert, 370 F.3d 1002, 1005, 1009 (9th Cir. 2004) (adopting the majority view that distinguishes between a *federal* prisoner's ability to resort to § 2241 to attack the execution of a sentence and the structural differences in the habeas statutes that make a state prisoner's resort to § 2241 improper to challenge the execution of a state sentence). Petitioner may not, therefore, obtain habeas relief as to the execution of his Alaska state sentence under § 2241. Accordingly, this action will be summarily dismissed and Petitioner's motions denied.

**IT IS ORDERED**:

(1) The motions for a restraining order and to appoint counsel are **denied**. (Doc.# 3, 5.)

(2) The Petition and this action are summarily dismissed. (Doc.# 1.)

(3) The Clerk of Court must enter judgment accordingly.

DATED this 18th day of November, 2009.

_____
Mary H. Murguia
United States District Judge

---

2254 Cases.